[Crim. No. 843. First Appellate District, Division One.—March 22, 1919.]

THE PEOPLE, Respondent, v. SAMUEL M. PREWETT, Appellant.

[1] CRIMINAL LAW—LIMITATION OF ARGUMENT—DISCRETION.—Under the circumstances in this case, the action of the trial court in limiting the argument of the defendant's counsel to the jury was no abuse of discretion.

[2] ID.—INSTRUCTIONS—PENALTIES—ERROR.—In a prosecution for murder, the giving of instructions relating to punishment for murder in the first degree, for murder in the second degree, and for manslaughter, also relating to indeterminate sentences, although not to be commended, does not constitute prejudicial error where the

jury is further instructed that the penalty which may be attached to the commission of the crime must not influence them in determining the question of the innocence or guilt of the accused.

[3] ID.—APPEAL—ERROR CURED—PRESUMPTION.—In such case, the last instruction would, if followed by the jury, have the effect of effacing whatever prejudice the defendant might have suffered from the giving of the instructions in relation to penalties; and in the absence of any indication to the contrary, the appellate court will assume that the jury did in fact obey such last instruction in its deliberations and in the rendition of its verdict.

APPEAL from a judgment of the Superior Court of Monterey County. Benj. K. Knight, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Feliz & White for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from a judgment of conviction of murder in the second degree. The appellant urges three grounds for the reversal of such judgment. The first of these is that the court erred in limiting the argument of the defendant's counsel to the jury. This contention we find to be without merit. At the outset of the argument of the cause the judge of the trial court inquired as to how long a time it was expected by counsel would be consumed in argument, to which Mr. Feliz, one of the defendant's counsel, stated that on account of his having a severe cold he did not imagine that he would occupy an hour and a half, whereupon the court suggested that that was all the time that could be allowed on each side unless the session of the court were run into the night. No objection was at this time made by defendant's counsel to the court's suggestion, and the argument proceeded. After the opening argument on the part of the people, Mr. White, one of defendant's counsel, occupied an hour in opening the argument on behalf of the defense, and thereafter Mr. Feliz, in closing for the defense, spoke for an hour and ten minutes, at the end of which time the court made the following observation: "If we are to complete this case to-day, Mr. Feliz, I think you had better conclude your argument within

40 Cal. App.—27

the next fifteen or twenty minutes." To this remark on the part of the court the defendant's counsel took an exception, and Mr. Feliz then proceeded with his argument, concluding the same within about ten minutes thereafter.

[1] Upon this state of the record we are satisfied that the defendant sustained no material detriment from the limitation of the argument of his counsel under the circumstances above set forth.

In the case of *People* v. *Morrell*, 28 Cal. App. 729, [153 Pac. 977], this court laid down the rule that "Trial judges have the right to regulate the proceedings in their courts, and have the right to exercise a reasonable discretion in the direction of limiting the arguments made by counsel."

We are of the opinion that there was no abuse of such discretion in the instant case.

[2] The next contention of the appellant is that the court committed an error in giving certain instructions to the jury with relation to the penalties for murder and for manslaughter. The record in that regard discloses that after the jury had been generally instructed by the court and had retired for deliberation it returned to the court for further instructions, whereupon the court proceeded to read to the jury sections 190, 193, and 1168 of the Penal Code relating to the punishment for murder in the first degree, for murder in the second degree, and for manslaughter, and also relating to the recent changes effected by the amendment of section 1168 (Stats. 1917, p. 665) in relation to indeterminate sentences. We are not pointed to any authority on the part of the appellant holding the giving of such instructions to be reversible error; but we are inclined to agree with the appellant's suggestion that the practice of giving such instructions is one that is not to be commended. Nevertheless, the record discloses that at the time of giving the foregoing instructions and as a part thereof the court gave to the jury the following instruction: "The jury is further instructed that its sole province is to pass on the guilt or innocence of the defendant and to determine the grade or degree of crime of which it finds him guilty, if it finds him guilty of any, and the matter of the penalty which may be attached to the commission of the crime must not in the slightest degree influence you in determining the question of his guilt or innocence. Nor shall such penalty influence you in the slightest degree in determining

the degree or grade of crime committed, if any.   As you have been heretofore instructed, the defendant's guilt or innocence and also the degree or grade of crime committed by him, if any, must be determined by you from all the evidence in the case and not from the nature or extent of the penalty fixed by the statute for the commission of said grades or degrees of crime."

[3]   The instruction last above quoted would, if followed by the jury, have the effect of effacing whatever prejudice the defendant might have suffered from the giving of the court's instructions in relation to penalties; and in the absence of any indication to the contrary, this court will assume that the jury did in fact obey the last above-quoted instruction of the court in its further deliberations and in the rendition of its verdict.

As to the appellant's final point, that the verdict of the jury is not sustained by the evidence, it is sufficient to say that the examination we have made of the record satisfies us that this contention must be resolved against the appellant.

No prejudicial error appearing in the record, the judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1919.

All the Justices concurred, except Lawlor, J., who was absent.