[Crim. No. 7403.    Second Dist., Div. Two.    Mar. 21, 1961.]

THE PEOPLE, Respondent, v. ERNEST JOEL PRADO, Appellant.

Ernest Joel Prado, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Matthew M. Kearney, Deputy Attorneys General, for Respondent.

ASHBURN, J.—Defendant appeals from a judgment of conviction of unlawfully possessing heroin. Two prior felony convictions were found to be true and defendant was sentenced to state prison.

Jury trial was waived and by stipulation the matter was submitted upon the transcript of the preliminary hearing. Appellant did not testify.

Appellant, filing his brief in propria persona, states that his "primary ground of contention is that the failure and ineffectiveness of his counsel in the courts below was so great as to amount to a lack of representation by counsel." He points, first, to the fact that defense counsel entered into a stipulation as to the qualification of the prosecution's witness to testify as an expert chemist, and that if called he would testify that the exhibit in question was received by him from the Property Division of the Los Angeles Police Department, that he made a chemical examination of same and formed the opinion that it contained heroin. The second claim is that his counsel failed to object to the introduction into evidence of the narcotics which it is contended were illegally obtained.

▪ Appellant was represented by counsel of his own choice at all stages of the proceedings, and the record contains no complaint or suggestion by appellant that he was not adequately represented in the trial court. The following statement by the court in *People* v. *Wilson,* 78 Cal.App.2d 108, 119-120 [177 P.2d 567], is pertinent and a complete answer to appellant's first contention: "Defendant was present and heard her attorney enter into the stipulations. She at no time objected thereto nor sought to be relieved therefrom, nor did her attorney make any such request in her behalf. No contention is advanced that the stipulations were not in accordance with the facts. . . . It would appear that the stipulations were made in the exercise of good judgment on the part of defendant's attorney and that defendant was not prejudiced thereby. But however this may be, defendant is in no position to question the authority of her attorney. When the stipulations were made in her presence and the terms and import of them were fully understood by her, their binding force did not rest upon the authority of the attorney derived from the attorney and client relationship, any more than it did upon her consent thereto, which was evidenced by her silence. ▪ An attorney has implied authority to enter into stipulations affecting procedure in the trial, as distinguished from those which go to the cause of action itself [citation], and a defendant

may not assert on appeal procedural rights which he waived at the trial. [Citation.]'' (See also *People* v. *Kobey*, 105 Cal. App.2d 548, 560 [234 P.2d 251]; *People* v. *Hanna*, 36 Cal. App.2d 333, 336 [97 P.2d 847].)

█ As to appellant's second contention, it is well established that ''[i]f defendant felt his counsel did not adequately represent him he should have complained to the trial court and given that court an opportunity to correct the situation. In the absence of such complaint the acts of defendant's counsel are imputed to him. [Citations.]'' (*People* v. *Youders*, 96 Cal.App.2d 562, 569 [215 P.2d 743].) █ In *People* v. *Hood*, 141 Cal.App.2d 585, 589 [297 P.2d 52], the court states that ''the rule announced in the Youders case, *supra*, does not require that complaint be made of specific acts on the part of counsel, but affords him the opportunity to complain when, at any time during the trial his counsel did not adequately represent him, thereby affording the trial court an opportunity to correct the situation. Not having availed himself of this privilege, appellant cannot now, after an adverse judgment, for the first time complain [citation].''

We do not find that counsel's representation of appellant was of ''such a low order as to render the trial a farce and mockery of justice'' as contended by appellant, nor that the situation is comparable to *People* v. *Davis*, 48 Cal.2d 241 [309 P.2d 1] upon which he relies. █ It is stated in *People* v. *Dupree*, 156 Cal.App.2d 60, 69 [319 P.2d 39]: ''Before it can be held that an accused's representation by counsel was inadequate to the degree that it violated his right to representation under the Fourteenth Amendment to the Constitution of the United States, an extreme case must be disclosed. The representation must be of such a low order as to render the trial a farce and a mockery of justice (*Diggs* v. *Welch*, 148 F.2d 667, 669 [80 U.S. App. D.C. 5]), or it must be shown that the essential integrity of the proceeding as a trial was destroyed by the incompetency of counsel (*United States* ex rel. *Weber* v. *Ragen*, 176 F.2d 579, 586). . . . █ While the opportunity to try his former lawyer has its undoubted attraction to a disappointed prisoner, the courts are uniform in holding that the claimed absence of effective representation will not be sustained unless the circumstances surrounding the trial indicate a representation so lacking in competence that it becomes the duty of the court to observe and to correct it.'' In reply to contentions very similar to those raised by appellant herein, the court in *People* v. *Amado*, 167 Cal.App.2d 345

[344 P.2d 254], after recognizing the above-stated rules, concludes at page 347: "Counsel may well have concluded that the defenses of unlawful arrest and illegal search and seizure were not available to defendant. The record indicates that they were not." As will be shown, such is the situation here, and we conclude that appellant was not deprived of any of the constitutional guarantees.

No question of illegal arrest, search or seizure was raised in the trial court, and no objection was made to the admission of evidence upon the ground of illegal search either at the preliminary hearing or in the trial court. Appellant is therefore in no position on appeal to urge that the heroin was obtained by illegal search and seizure. (*People* v. *Hyde*, 51 Cal.2d 152, 157 [331 P.2d 42]; *People* v. *Richardson*, 51 Cal.2d 445, 447 [334 P.2d 573]; *People* v. *Wells*, 187 Cal. App.2d 324, 334 [9 Cal.Rptr. 384]; Witkin, California Evidence, § 700, p. 832.) Moreover, it was not established that the arresting officers did not possess a warrant. However, in view of appellant's contention upon this appeal that his counsel failed to make proper objection to the introduction of evidence, and upon the assumption that there was no warrant, we have made a careful review of the record and find appellant's claims of unlawful arrest and search to be without merit.

On April 27, 1960, Officers Fesler and Hanks of the Narcotic Division of the Los Angeles Police Department were conducting a narcotic investigation of premises at 508 and 56 West Olympic. At approximately 11 a.m. they observed appellant leave that location. At about 11:20 a. m. appellant was observed to drive by the same location, but he did not stop. About 30 minutes later appellant returned to the premises on foot, carrying in his left hand a bag of groceries, and his right hand was in his right front pants pocket. Sergeant Hanks walked to appellant with his badge in his hand, and said "Police Officers, we would like to talk to you." Appellant withdrew his hand from his pocket and Officer Fesler saw a portion of a yellow balloon between appellant's thumb and forefinger. Appellant then returned his hand to his pocket. Officer Hanks called to Fesler, "He has a yellow balloon in his right hand," whereupon appellant withdrew his hand again from his pocket and made a motion with it towards his mouth. Officer Hanks struck his hand and the balloon fell to the ground where it was retrieved. Officer Fesler testified that in the course of conducting over two hundred narcotics investi-

gations and arrests he had observed balloons similar to the one in appellant's hand and knew that they were used as containers for heroin or amidon.

We find in the foregoing statement of facts ample justification for the arrest. It cannot be doubted that the police officers had the right to make a reasonable inquiry of appellant. No arrest was made until appellant, of his own volition, made a disclosure of the balloon, accompanied by the furtive movement described. ■ There was, in fact, no search for the observance of that which is in open view does not constitute an unreasonable search. (*People* v. *Hyde, supra,* 51 Cal.2d 152, 157; *People* v. *Spicer,* 163 Cal.App.2d 678, 683 [329 P.2d 917].) Based upon his experience in the narcotic field, the officer was warranted in believing that appellant was in possession of narcotics which he was attempting to conceal. The evidence was legally obtained and properly admitted into evidence. (See *People* v. *Pendarvis,* 178 Cal.App.2d 239 [2 Cal.Rptr. 824].)

Defendant has appealed from the judgment and sentence. ■ The judgment is the sentence, and affirmance of the judgment carries with it affirmance of the sentence. (*People* v. *Carlson,* 177 Cal.App.2d 201, 207 [2 Cal.Rptr. 117].)

The judgment is affirmed.

Fox, P. J., and McMurray, J., pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.