[Crim. No. 6031.   First Dist., Div. One.   Oct. 2, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. A. D. FAIRCHILD, Defendant and Appellant.

832

A. D. Fairchild, in pro. per., and Gerald E. Ragan, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci, Anthony A. Cuomo and Gloria DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, P. J.—Defendant appeals from a judgment of conviction, following a trial by jury, of a violation of Penal Code section 667 [1] (petty theft after conviction of a felony). [2] His contentions on appeal are as follows: (1) the trial court erroneously declared a mistrial in defendant's first trial; (2) the trial court erroneously accepted defendant's admission of a prior conviction; (3) the form of verdict was improper and misleading to the jury; (4) the jury instructions and admonitions were improper in several respects; (5) the trial court erred in admitting into evidence a photograph of defendant; (6) the trial court erred in pronouncing judgment; (7) the victim's identification of defendant was prejudicial because defendant was viewed in a "one man lineup"; and (8) the trial court erred in limiting argument to twenty minutes per side.

We consider the facts relevant to each of defendant's contentions in our discussion of each of these contentions.

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

[2] Defendant also appeals from the order denying his motion for a new trial. Although such an order is not appealable, its propriety can be considered in an appeal from the judgment. (Pen. Code, § 1237.)

Suffice it to say, at this point, that defendant's conviction was premised upon his alleged taking of approximately $60 from the cash register at the Redwood City Salvation Army Thrift Store. Defendant was subsequently apprehended on the basis of a description which Mrs. Parker, the store manager, who was present at the time of the theft, gave to the police and on the basis of her identification of a photograph of defendant which the police showed her. Mrs. Parker also identified defendant at the trial as the man who had committed the theft.

## Mistrial

Defendant's conviction followed a second trial. His first trial resulted in the pronouncement of a mistrial by the trial court when it was informed by the jury foreman, after the jury had deliberated for over two hours, that the jury was unable to reach a verdict and that further deliberations would not result in agreement as to a verdict. In contending that the procedure followed by the trial court in pronouncing a mistrial constituted error, defendant points to the fact that the record does not affirmatively show that the court inquired of each juror as to whether a further deliberation would result in a verdict. (See *Paulson* v. *Superior Court*, 58 Cal.2d 1, 7-8 [22 Cal.Rptr. 649, 372 P.2d 641].) Premised upon this contention concerning the improper method by which the jury was discharged at the first trial is defendant's argument that the second trial subjected him to double jeopardy. ■ We do not consider the merits of defendant's argument, however, for the reason that defendant did not interpose a plea of double jeopardy in accordance with section 1017. In such a situation it is well established that the defense of double jeopardy is waived and cannot be raised for the first time on appeal. (*People* v. *Garcia*, 166 Cal.App.2d 141, 144-145 [333 P.2d 69]; *People* v. *Mims*, 136 Cal.App.2d 828, 832 [289 P.2d 539].)

## Prior Conviction

For the purpose of elevating the petty theft charge against defendant from a misdemeanor to a felony, the information filed in the instant case alleged that defendant had suffered a prior conviction on November 10, 1961 for violation of section 211 and had served a sentence in a state prison therefor. ■ Although defendant admitted this prior felony conviction, he now contends that the trial court erred in accepting his admission without first inquiring as to whether at the time of

the former conviction defendant was represented by counsel or knowingly waived his right to counsel.

It has recently been held in California that in the situation where a prior conviction is used to elevate a defendant's conviction from that of a misdemeanor to a felony, the defendant may attack the validity of the prior conviction on the basis that at the time of the prior conviction he was not represented by counsel and did not waive his right to counsel. (*In re Luce,* 64 Cal.2d 11 [84 Cal.Rptr. 694, 409 P.2d 918]; *People* v. *Merriam,* 66 Cal.2d 390, 396-398 [58 Cal.Rptr. 1, 426 P.2d 161]; *People* v. *Dabney,* 250 Cal.App.2d 933, 944-945 [59 Cal.Rptr. 243]; see also *In re Woods,* 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913]; *In re Tucker,* 64 Cal.2d 15 [48 Cal.Rptr. 697, 409 P.2d 921].) Such an attack upon the validity of a prior conviction has been made collaterally after the judgment had become final, e.g., by habeas corpus (*In re Woods, supra; In re Luce, supra; In re Tucker, supra*), or it may be made directly. (*People* v. *Merriam, supra; People* v. *Dabney, supra.*)

Where the attack was collateral, as in *Woods, Luce,* and *Tucker,* the defendant's failure to challenge the prior conviction at the time of trial did not foreclose his raising the validity of the prior conviction de novo. As to whether failure to challenge the conviction in cases where the defendant was arraigned on the prior conviction after the decisions in *Woods, Luce* and *Tucker* will bar subsequent collateral attack, we express no opinion because our Supreme Court has not yet decided this question.

In cases where the attack has been made collaterally and the record on habeas corpus has been silent on the issue of the defendant's representation by or waiver of counsel at the time of the prior conviction, the appropriate procedure has been to return the cause to the court wherein judgment was rendered for a factual hearing on that issue. In contrast with that situation, according to *Merriam,* where the attack is on the validity of a prior conviction, as in the case here, an appellate court is precluded from considering the validity of the prior conviction where the record is silent on the question of the defendant's representation by or waiver of counsel at the time of the prior conviction.[3] The rationale of *Merriam* is that since an appellate court, in reviewing a judgment of a

---

[3] Of course, as recognized in *People* v. *Dabney, supra,* 250 Cal.App.2d 933, 945, a defendant can attack the validity of such a prior conviction either at or before trial.

lower court, is limited to a consideration of matters contained in the record below, it cannot consider matters not presented by the record. ■ Moreover, "the burden of initiating inquiry into the constitutional basis of a prior conviction lies with him who would challenge its validity rather than with the trial court." (*People* v. *Merriam, supra,* p. 398.) Accordingly, there is no merit to defendant's contention that the court below erred in accepting his admission to the prior conviction without first inquiring as to the constitutional validity of that prior.

## Form of Verdict

The verdict which the jury returned in the instant case read as follows: "We, the jury in the above entitled cause, find the defendant, A. D. Fairchild, Guilty of the crime of felony, to wit: Petty Theft, in violation of section 667 Penal Code, California, as charged in the Information herein."
■ Defendant contends that the use of the term "petty theft" was improper and misleading because it connotes a minor crime and that, accordingly, a jury would be more prone to convict for such an offense than it would for a more serious offense. This contention is untenable because the form of the verdict did not connote a "minor crime" but referred to the crime as a felony. Moreover, in the charging information read to the jury, which information was referred to in the verdict, the jury was advised that defendant was charged with the "crime of felony, to wit: petty theft in violation of Section 667 Penal Code, California."

The record in the instant case discloses that defendant admitted the prior conviction of a felony, to wit, robbery. Accordingly, if defendant was found guilty by the jury of the crime of petty theft he was guilty of a felony under section 667, since such offense is punishable either as a felony or as a misdemeanor. (§ 17; *People* v. *Banks,* 53 Cal.2d 370, 391 [1 Cal.Rptr. 669, 348 P.2d 102]; see *People* v. *Smith,* 143 Cal. 597, 599 [77 P. 449].) However, since the imposition of the penalty under section 667 was for the trial court (see *People* v. *Mason,* 12 Cal.App.2d 84, 87-88 [55 P.2d 249]; *People* v. *Evans,* 185 Cal.App.2d 331, 334 [8 Cal.Rptr. 410]) it would have been better practice for the trial court to submit a form of verdict under which the jury would have merely found whether defendant was guilty of petty theft. Nonetheless, we perceive no error in the jury having been advised that if defendant was guilty of petty theft he was guilty of a felony since this was the very essence of the crime specified in section

667. In reaching this conclusion we are not unmindful of the rule that under the proscription of section 1025 it is error to bring a prior conviction to the attention of the jury where the defendant has admitted the prior conviction. (See *People* v. *Spencer*, 60 Cal.2d 64, 82 [31 Cal.Rptr. 782, 383 P.2d 134]; *People* v. *Reese*, 47 Cal.2d 112, 115-116 [301 P.2d 582]; *People* v. *Ozuna*, 213 Cal.App.2d 338, 341 [28 Cal.Rptr. 663].) In the instant case the prior conviction was not mentioned or alluded to during the trial. It is too remote a possibility that the jury would infer that defendant suffered a prior conviction merely because the verdict form designated the petty theft as a felony. (See *People* v. *Reese, supra*, at p. 116.)

In any event defendant's failure to object to the form of verdict was a waiver of any claim of error.[4] (*People* v. *Chapman*, 81 Cal.App.2d 857, 862 [185 P.2d 424]; *People* v. *Ross*, 60 Cal.App. 163, 169 [212 P. 627].)

### *Jury Instructions and Admonitions*

In contending that the jury was not properly instructed defendant argues that the trial court erred in failing to instruct the jury in the exact language of CALJIC No. 1: "That verdict must express the individual opinion of each juror." It is apparent, however, that the omission of this sentence from the instruction which the trial court gave based upon CALJIC No. 1 was not error since the idea which that sentence conveys was adequately conveyed to the jury in the following instruction given by the trial court: "The People and the defendant are entitled to the individual opinion of each juror. It is the duty of each of you after considering all the evidence in the case to determine if possible, the question of the guilt or innocence of the defendant. When you have reached a conclusion in that respect, you should not change it merely because one or more or all of your fellow jurors may have come to a different conclusion, or merely to bring about a unanimous verdict. . . ."

As to the alleged error in the trial court's admonitions to the jury defendant points to the fact that at one point when the court recessed the only admonition given to the jury was "Remember the admonition. . . ." and at two other recesses no admonition was given to the jury. As to the alleged impropriety of the trial court's admonition to "Remember the admonition," the record reveals that at the commencement of the trial the jury was fully and properly

---

[4]The subject form of verdict was read verbatim to the jury in the trial court's instructions.

admonished in conformity with section 1122[5] as to their duty not to discuss the case with anyone at all times when the court was in recess or adjournment and not to form an opinion about the case until it was submitted. Accordingly, the trial court did not err in giving only an abbreviated admonition to the jury at the time of the subsequent recess. (*People* v. *Linden,* 52 Cal.2d 1, 29 [338 P.2d 397].)

And as to the trial court's failure to admonish the jury in any form on two other occasions, we doubt that these constituted a failure to observe section 1122, even in a technical sense, because they did not occur on any *adjournment* as provided therein, but only when short recesses were taken on the first day of the trial. Moreover, the complete admonition above referred to would have sufficed to encompass these occasions. In any event it has been frequently held that error in failing to give the required admonition does not require a reversal unless the defendant calls the court's attention to the omission at the time the recess is taken or unless the defendant on appeal affirmatively points to prejudice resulting from the omission. (*People* v. *Gastelum,* 237 Cal.App.2d 205, 207 [46 Cal.Rptr. 743]; *People* v. *Burwell,* 44 Cal.2d 16, 33 [279 P.2d 744]; *People* v. *Linden, supra,* 52 Cal.2d 1 at p. 28; *People* v. *Trubschenk,* 134 Cal.App.2d 796, 799 [286 P.2d 436].) Neither of such procedures was invoked here.

## Admission of Photograph

In contending that the trial court erred in admitting into evidence the photograph of defendant which Mrs. Parker identified as one of the photographs which the police showed her after the theft and as the photograph depicting the thief, defendant points to the fact that the back of this photograph contains data revealing that defendant had a previous police record. Since defendant made no objection at the trial to the admission of this photograph into evidence, he is precluded from raising an issue as to its admissibility for the first time on appeal. (*Perry* v. *McLaughlin,* 212 Cal. 1, 6 [297 P. 554]; *Robison* v. *Superior Court,* 49 Cal.2d 186, 187 [316 P.2d 1]; *People* v. *Prado,* 190 Cal.App.2d 374, 378 [12 Cal.Rptr. 141].) Furthermore, the record reveals that after the photograph had

---

[5]Section 1122 provides specifically as follows: "The jury must also, at each adjournment of the court, whether permitted to separate or kept in charge of officers, be admonished by the court that it is their duty not to converse among themselves or with anyone else on any subject connected with the trial, or to form or express any opinion thereon until the cause is finally submitted to them."

been admitted into evidence without objection by defense counsel, the trial court itself, outside of the presence of the jury, noted that, because of the data contained on the back of the photograph, this photograph might be prejudicial to defendant. At that time both counsel for the prosecution and defendant agreed that the writing on the back of the photograph could be covered up or blocked out. Accordingly, since this writing was in fact covered up, the trial court did not err in admitting the photograph into evidence. (*People* v. *Crosslin,* 251 Cal.App.2d 968, 978-979 [60 Cal.Rptr. 309].)

### Pronouncement of Judgment

■ Defendant contends that in imposing sentence in the instant case the trial court ordered that defendant be committed to the Medical Facility at Vacaville for the limited purpose of procuring medical treatment and that defendant's present incarceration at San Luis Obispo is therefore illegal.[6] Although at the time of imposing sentence the trial court did indicate its opinion that defendant was in need of medical treatment, it is apparent from the court's comments at the sentencing proceeding and from the abstract of judgment, not to mention the aspect of the power of the trial court in imposing sentence, that the sentence which the court below imposed upon defendant was a sentence of imprisonment for the term prescribed by law.[7]

### Other Assertions of Error

■ Without pointing out error or citation of authority and without any showing of prejudice, defendant asserts error by stating: "[T]here was the question of the one man lineup, where the victim viewed the appellant all by himself.

---

[6]We note that defendant asserts in his brief that he is entitled to a writ of habeas corpus to obtain his release. It suffices to say in this respect that we are not here concerned with collateral attack but with a direct attack on the judgment, which attack, if it demonstrates prejudicial error, would entitle defendant to a reversal for purposes of resentence.

[7]We quote the relevant comments of the trial court at the sentencing proceedings: "THE COURT: Well, I am sorry, but I think you should go to the Medical Facility at Vacaville as soon as possible and let the doctors over there do what they can to help you physically and that's going to be the judgment of the Court, that you be committed to the Department of Corrections for that purpose and you are remanded to the custody of the sheriff to be by him delivered to the officer in charge of the Medical Facility at Vacaville. MR. FAIRCHILD: No stay? THE COURT: No stay, and you are detained until legal release, until the time regulated by law. MR. TORMEY: May I ask this be concurrent with any other sentences? THE COURT: Yes, and I still think for his own good he should try to go over there and see if he can't get some expert medical attention. He needs it."

Even the jury was confused by this type of lineup. Five minutes after the jury questioned the one man lineup, they returned with a verdict of guilty. Likewise the Trial Court's limitation of closing arguments to twenty minutes per side could have influenced the result. . . .'' We note, preliminarily, that defendant concedes that these items do not. of themselves, constitute prejudicial error but asserts that they are of significance when coupled with the other error urged by him. Since we have concluded that there is no basis for the other claims of error, these contentions, in the light of the concession, fall of their own weight. Moreover, any error was waived by defendant's failure to object to Mrs. Parker's testimony with respect to her identification in the so-called ''one man lineup'' or to the conduct of the court in limiting argument. (*Perry* v. *McLaughlin, supra,* 212 Cal. 1, at p. 6; *People* v. *Prado, supra,* 190 Cal.App.2d 374, at p. 398; *People* v. *York,* 174 Cal.App.2d 305, 310 [344 P.2d 811].) ▇▇ With regard to the latter issue, we note that the time limited for argument is in the trial judge's discretion and his determination of the proper allotment will seldom be disturbed on appeal. (See *People* v. *Prewett,* 40 Cal.App. 416, 417-418 [180 P. 844]; *People* v. *McCurdy,* 140 Cal.App. 499, 504-505 [35 P.2d 569].)

The judgment is affirmed. The appeal from the order denying defendant's motion for a new trial is dismissed.

Sims, J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 13, 1967.