Filed 11/21/25  Sanders v. Sanders CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RHASHEEMA SWEETING SANDERS, | B342715 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22LBFL01373) |
| v. | |
| DAVID VINCENT SANDERS, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, James E. Horan, Judge.  Affirmed in part and Remanded.

Stephen Temko and Dennis Temko for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## INTRODUCTION

It is not an abuse of discretion for a trial court to issue sanctions against attorneys who intentionally violate court orders. That is what happened here. This appeal stems from a custody dispute in divorce proceedings between a mother and father. The parties ultimately resolved the custody issues by agreement, except for one dispute over how their child's summer vacation would be allocated. The trial court issued a tentative ruling awarding father most of the child's summer vacation. Afterward, mother's counsel requested—and was granted—permission to draft a proposed statement of decision memorializing the court's tentative ruling.

However, rather than draft the proposed statement, mother's counsel instead submitted a document attacking the trial court's credibility and tentative ruling. When the trial court took issue with counsel's submission, mother's counsel volunteered to prepare and submit a revised proposed statement of decision. This second proposed statement similarly failed to capture the reasoning or basis for the trial court's tentative ruling, and again impugned the court's credibility in awarding summer vacations to father. In response, the court sanctioned mother's counsel $1,001 under Code of Civil Procedure section 128.7 for twice ignoring the requirements for proposed statements of decision.[1]

Mother's counsel now appeals, arguing the trial court abused its discretion in imposing monetary sanctions against them. As mother's counsel admits on appeal that they deliberately disregarded the trial court's orders and intentionally filed objections rather than proper statements of decision, we find no abuse of discretion by the trial court. Accordingly, we affirm the

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise specified.

court's order sanctioning mother's counsel. However, in doing so we remand with directions to the trial court to correct its order to reflect that the sanctions should be paid to the court, not father's counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

I.  *Litigation Background*

This appeal arises from attorney misconduct during divorce proceedings between Rhasheema Sweeting Sanders (mother) and David Vincent Sanders (father). At all times relevant to this appeal, mother was represented by attorneys S. Roger Rombro, Melinda A. Manley, and Simran Dhalla from the firm Rombro & Manley, LLP (collectively, mother's counsel).[2]

The underlying divorce proceedings involved a custody dispute over the parties' three-year-old child, who was diagnosed with autism. While the parents had separated, they continued to live together in Long Beach, where the child was receiving services for autism. During the proceedings, mother filed a request for order, seeking to move to Fremont, California, with the minor child. The court issued an order appointing a child custody evaluator to perform a parent plan assessment (PPA) to determine whether mother or father should have primary physical custody. Family Court Services specialist Jessica Sotelo (Sotelo) conducted the PPA and testified about the process and results at a subsequent hearing.

At the conclusion of Sotelo's testimony, the court stated that it wanted additional information before issuing a ruling on mother's move-away request. Specifically, the court stated that it wanted to receive a report from

---

[2]     We use the plural form of "counsel" as the names of all three attorneys appear on the relevant filings submitted to the court and S. Roger Rombro and Simran Dhalla alternately appeared on mother's behalf at different hearings described herein.

a medical expert explaining how the child's autism diagnosis factored into mother's move-away request.

The expert report was ultimately never prepared. Instead, at a subsequent hearing, mother's counsel informed the court that the parties had reached agreement on nearly all outstanding custody issues. Mother's counsel indicated that mother would move to Fremont and would have primary physical custody of the child. Father intended to move to Chicago. The parties also agreed they would share joint legal custody of their child. However, the parties were not in agreement as to how summer vacation should be divided.

The trial court stated that in cases like this, it was the norm to award father the full summer vacation with the child. However, the court stated it was willing to vary from that plan if the parties had expert medical evidence that spending summers in Chicago would be harmful to the child given his special needs. After hearing argument from mother's counsel, the trial court determined it had no such evidence before it and issued a tentative ruling that the child would spend summer vacation with father in Chicago, with mother afforded weekend visits in Chicago during that time.

The court then invited comments from counsel. Mother's counsel began by asking for "findings." The court responded that mother's counsel would have to prepare a proposed statement of decision and walked the parties through the process for proposed statements. At the conclusion of the court's explanation, mother's counsel expressly affirmed, "I will prepare a proposed statement of decision with the court's permission." The court agreed. The court then stated its reasoning so it could be included in the proposed statement. The court noted all parties would have the chance to object before it issued a final statement of decision.

II.     *First Proposed Statement of Decision*

Mother's counsel emailed the court a proposed statement of decision. The proposed statement was comprised of seven paragraphs, each beginning with the statement "Although the court did not receive evidence prior to its oral tentative decision on March 28, 2024, and therefore did not have a factual basis for its tentative decision" before then stating the court's tentative ruling that the child would spend summers in Chicago with father.

At a subsequent hearing, mother's counsel asked the court to enter the proposed statement of decision submitted to the court. The court rejected the request and instead stated that it was considering the imposition of sanctions against mother's counsel under section 128.7 for submitting a frivolous proposed statement.[3] The court noted every substantive paragraph of the proposed statement began with the "factually incorrect" claim that the court had no basis for its ruling. The court determined it had "received many days, many hours of evidence" over the course of "almost a year of litigation" in the case, which included expert testimony and "multiple hearings by the litigants." The court concluded that counsel's proposed statement was "an intentional attempt to demean the credibility of the court."

The court asked whether mother's counsel "still want[ed] the written statement of decision?" Counsel conferred with mother and answered, "Yes, Your Honor, we ask that we be allowed to cure the statement of decision and rewrite it to be resubmitted to the court." The court again instructed mother's counsel on the content of the revised statement.

---

[3]     The trial court also stated it intended to sanction mother under Family Code section 271. However, as no party has appealed the trial court's ruling with respect to the sanctions imposed under the Family Code, we do not discuss this aspect of the trial court's award.

5

III.    *Second Proposed Statement of Decision*

Mother's counsel submitted a second proposed statement. The revised statement removed the language that preceded every paragraph of the original statement criticizing the court's ruling. Instead, the revised statement contained multiple paragraphs that set forth some of the history of the litigation in an objective, non-argumentative tone. However, interwoven with this narrative were paragraphs clearly meant to impugn the court's credibility in awarding father most of the child's summer vacation. For example, the proposed statement exclusively sets forth the portions of Sotelo's testimony that supported mother's position and omitted any testimony that supported father's position or otherwise cast him in a positive light.

The second statement also repeatedly stressed that the court did not receive any evidence contradicting Sotelo's testimony or any further expert evidence beyond Sotelo's testimony. The proposed statement again omitted any reference to the evidence identified by the trial court at the previous hearing on counsel's first proposed statement. The proposed statement concluded with a paragraph-long quotation from a prior hearing in which the trial court declined to answer a question from mother's counsel.

IV.    *Sanctions*

After counsel submitted the second proposed statement, the court held a lengthy hearing on the imposition of sanctions. The trial court ruled the second statement "again failed to capture the substance of the history of the case," including the basis and rationale set forth by the court in announcing its tentative ruling on the issue of summer vacations. The court determined mother's counsel had not fulfilled their obligations to draft a proposed

6

statement of decision and had instead set forth mother's objections to the court's tentative ruling. Ultimately, the court concluded that "The second statement was better, but did not cure the defects of the first."

Mother's counsel was then given time to argue the propriety of sanctions under section 128.7. Mother's counsel raised at least six distinct arguments against the imposition of sanctions, including the claim that both proposed statements were, in fact, fully compliant with the statutory requirements for proposed statements of decision. The trial court rejected each of these arguments, finding them factually incorrect and unsupported by legal authority. At multiple points, mother's counsel tried to re-litigate arguments that the court had already rejected. The trial court nonetheless allowed extensive argument from mother's counsel, noting near the end of the hearing that the parties were "in court today for probably more than five hours alone," dealing with the question of sanctions.

The trial court ultimately determined sanctions were appropriate under section 128.7 because "Despite all of [the evidence], counsel repeatedly wrote in a statement of decision that the court did not receive evidence and the court, therefore, did not have a factual basis. This is entirely just plain and intentionally misdirection and incorrect. This was an intentionally calculated, dishonest pleading." The court also found that both proposed statements "were simply blind attacks on the court, specifically written to do the opposite of what a statement of decision is supposed to accomplish." The court concluded the proposed statements were "frivolous," "blatantly false and misleading."

The court sanctioned mother's counsel $1,001 under section 128.7. The court then expressed uncertainty regarding the proper recipient of the monetary sanctions, stating, "If that can be paid to [father]'s counsel, I don't

7

know where the money has to go, but if it can be paid to [father]'s counsel, it should be paid to [father]'s counsel. If it is supposed to go to some other court fund, like the victim restitution fund, then somebody will bring it to my attention and I will correct this order and we will make sure that sanction goes to where it is supposed to go." Mother's counsel did not respond, object, or otherwise indicate that it was improper to make the sanctions payable to father's counsel. At the conclusion of the hearing, the trial court noted, "Each side is free to come back whenever they want for whatever reason they want."

After the hearing, the court issued a minute order stating the $1,001 sanction was to be paid to father's counsel.

Mother's counsel timely appealed the imposition of sanctions against them under section 128.7.

## DISCUSSION

I. *Legal Standards*

"Section 128.7 requires attorneys . . . to certify, through their signature on documents filed with the court, that every pleading, motion or other similar paper presented to the court has merit and is not being presented for an improper purpose. [Citations.] If, after notice and a reasonable opportunity to respond, the court determines the certification was improper under the circumstances, it may impose an appropriate sanction." (*Li v. Majestic Industry Hills LLC* (2009) 177 Cal.App.4th 585, 590; *Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 189.) The sanctions available under the statute include monetary sanctions or "directives of a nonmonetary nature." (§ 128.7, subd. (d).)

"An award of sanctions pursuant to Code of Civil Procedure section 128.7 is reviewed for abuse of discretion." (*Conservatorship of Anne S.* (2025)

8

112 Cal.App.5th 1021, 1032.)  Under this standard, "We presume the trial court's order is correct and do not substitute our judgment for that of the trial court.  [Citation.]  To be entitled to relief on appeal, the court's action must be sufficiently grave to amount to a manifest miscarriage of justice." (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 441.)  The appellant bears the burden to overcome our presumption of correctness by affirmatively demonstrating error on the record presented. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

II.    *The Trial Court Did Not Abuse Its Discretion in Sanctioning Counsel*

Mother's counsel argue the trial court abused its discretion in sanctioning them under section 128.7 because it was "procedurally appropriate" for them to repeatedly disobey the court's orders by filing objections to the court's tentative ruling rather than compliant proposed statements of decision.  We disagree.

A.    *Forfeiture*

We begin by noting that counsel has forfeited this line of argument by failing to raise it in the trial court.  "The traditional rule is that 'a party must raise an issue in the trial court if they would like appellate review.' [Citation.]" (*Ramirez v. Department of Motor Vehicles* (2023) 88 Cal.App.5th 1313, 1335.)  The failure to do so results in forfeiture of that claim of error. (See *Egelston v. State Personnel Bd.* (2025) 112 Cal.App.5th 1050, 1055 (*Egelston*) ["Because this contention was not raised below, it is forfeited"]; *In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 695 [""theories not raised in the trial court cannot be asserted for the first time on appeal""].)

Counsel attempts to avoid this result by claiming—without citation to the record—that the trial court improperly refused to let counsel raise this argument below. Not so. Mother's counsel had two hearings to argue the propriety of the proposed statements. As summarized above, counsel vigorously argued the issue of sanctions and asserted at least six distinct arguments over the course of five hours at the second hearing alone. On appeal, mother's counsel has abandoned all of these arguments, effectively conceding they are meritless. (*Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 529 [a party "effectively concedes" an issue by failing to address it in briefing].) Mother's counsel cannot fault the trial court for their own decision to devote the sanctions hearing to a litany of meritless arguments to the exclusion of the new argument they now seek to raise on appeal.

The trial court was not required to give mother's counsel unlimited time to argue the question of sanctions. As appellate courts have long recognized, "the time limited for argument is in the trial judge's discretion and his determination of the proper allotment will seldom be disturbed on appeal." (*People v. Fairchild* (1967) 254 Cal.App.2d 831, 841.) As the trial court imposed reasonable time limits on argument, mother's counsel have forfeited the arguments they chose not to raise at the hearing below. On this basis alone, we could affirm the trial court's imposition of sanctions.

B.      *Sanctions Were Justified under Section 128.7*

The same result would follow even if we were to ignore counsel's forfeiture and reach the merits of this claim.

On appeal, mother's counsel expressly concedes that no effort was made to submit a proper proposed statement of decision. As set forth above,

10

mother's counsel was sanctioned because they twice expressly accepted the responsibility of drafting and submitting a proposed statement of decision, were twice ordered by the court under California Rules of Court, rule 3.1590(c) to draft and submit a proposed statement of decision, and twice chose not to do so. Given counsel's admission on appeal that they deliberately disobeyed the court's orders and knowingly submitted documents purporting to be proposed statements of decision that did not satisfy the requirements for proposed statements, we find no abuse of discretion by the trial court in sanctioning mother's counsel.

On appeal, mother's counsel argues they were entitled to ignore the court's orders and instead file objections to the court's tentative ruling in the guise of a proposed statement. We are not persuaded.

We note counsel's argument is unsupported by any authority suggesting attorneys are free to repeatedly disobey court orders and misrepresent their intentions to the court in such circumstances. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894–895 (*WFG National*) ["we may disregard conclusory arguments that are not supported by pertinent legal authority"].) California Rules of Court, rule 3.1590(c) gives the trial court the power to delegate the preparation of a proposed statement to a party.[4] On appeal, mother's counsel cites no authority that suggests parties are free to disregard an order under rule 3.1590(c) whenever they disagree with the court's ruling. Nor are we aware of any such authority.

Mother's counsel has also failed to show that it was necessary to engage in this subterfuge to preserve mother's objections to the trial court's tentative

---

4      Rule 3.1590(c) provides in pertinent part: "The court . . . may . . . [o]rder a party to prepare a statement of decision."

11

ruling on summer vacation. After giving the parties its tentative ruling, the court expressly invited commentary from counsel. Mother's counsel chose not to object at that time. When the court discussed the process for proposed statements of decision, it informed the parties that they would be given a chance to raise objections before the court issued its final statement of decision. On appeal, mother's counsel offers no explanation as to why this process would have been insufficient to preserve mother's objections to the trial court's ruling. (See *WFG National, supra*, 51 Cal.App.5th at pp. 894–895.) Mother's counsel also offers no explanation as to why they needed to submit objections *instead of* a proposed statement of decision rather than submitting objections *in addition to* a proposed statement.

This new line of argument is also premised on the notion that the trial court did not understand that mother's counsel was simply seeking to object rather than file a proposed statement of decision, and that the court did not understand the nature of this objection. But the trial court was fully aware of this fact, noting that rather than filing proposed statements of decision, mother's counsel "put in front of the court counsel's objections in an attempt to lay the groundwork for some subsequent motion or appeal." In other words: the trial court sanctioned mother's counsel precisely *because* counsel chose to repeatedly file objections rather than follow through on their representations that they would prepare and submit a proper proposed statement of decision.

For these reasons, we conclude the trial court did not abuse its discretion in sanctioning mother's counsel under section 128.7.

12

III.    *Sanctions Are Payable to the Court*

Mother's counsel also argues we must reverse and vacate the trial court's imposition of sanctions under section 128.7 because the court improperly made those sanctions payable to father's counsel.  We are not persuaded that reversal or vacatur are warranted here.

A.    *Forfeiture*

As discussed above, mother's counsel has forfeited this claim of error by failing to raise it below.  "[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court.  [Citation.]  The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]" (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. omitted; *Egelston, supra,* 112 Cal.App.5th at p. 1055.)

B.    *Reversal and Vacatur are Unwarranted*

Even if we were to reach the merits of this argument, it would not be a basis to reverse or vacate the sanctions imposed against mother's counsel. Mother's counsel is correct in noting that monetary sanctions under section 128.7 must be made payable to the court when, as here, the sanctions were imposed on the court's own motion.  (*Malovec v. Hamrell* (1999) 70 Cal.App.4th 434, 443–444 ["A monetary sanction imposed [under § 128.7] after a court motion is limited to a penalty payable to the court and may not include or consist of monetary sanctions payable to a party"].)

However, counsel's reliance on *Interstate Specialty Marketing, Inc. v. ICRA Sapphire, Inc.* (2013) 217 Cal.App.4th 708 (*Interstate Specialty*) to suggest that reversal and vacatur are required here is misplaced.  In

13

*Interstate Specialty* our colleagues in the Fourth District reversed an award of sanctions under section 128.7, determining that the award was substantively improper because it both did not comply with the mandatory 21-day safe harbor provision of the statute and was not supported by the requisite finding of bad faith. (*Id.* at p. 710.) The appellate court also noted the trial court erred in making the sanctions payable to the other party as the sanctions were awarded on the court's own motion. (*Id.* at pp. 710–711.) In the face of these three cumulative errors, the appellate court reversed and vacated the award of sanctions under section 128.7. (*Id.* at pp. 717–718.)

The sanctions at issue in *Interstate Specialty* had to be reversed and vacated regardless of whether the sanctions were made payable to the other party or to the court. Here, by contrast, mother's counsel has not demonstrated the award of sanctions was substantively improper under section 128.7. Instead, mother's counsel seeks to reverse and vacate the trial court's award because they made the strategic decision to stay silent when the court invited clarification from the parties on this exact question. We decline to reward mother's counsel for choosing to ignore this invitation rather than calling the court's attention to the pertinent language of section 128.7 on which this argument rests. (See *Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 265 ["If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal"] internal quotation marks omitted.)

Any error with respect to the proper recipient of the monetary sanction can be sufficiently addressed with a directive to the trial court on remand to correct its minute order to indicate that the $1,001 sanction be paid to the

court, not father's counsel.  (See *In re A.C.* (2011) 197 Cal.App.4th 796, 799–800.)

## DISPOSITION

The order sanctioning mother's counsel under section 128.7 is affirmed and the matter is remanded with directions to correct the October 3, 2024, minute order to reflect that the sanctions imposed under section 128.7 are payable to the court.  No costs are awarded.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, P. J.

WE CONCUR:

COLLINS, J.

VAN ROOYEN, J.*

---

*Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.