[Crim. No. 3696.   First Dist., Div. Two.   Feb. 23, 1960.]

THE PEOPLE, Respondent, v. JEWELL PENDARVIS, Appellant.

Benjamin F. Marlowe for Appellant.

Stanley Mosk, Attorney General, Peter T. Kennedy, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and William Auslen, Deputy District Attorney, for Respondent.

DRAPER, J.—Defendant appeals from judgment entered upon jury verdict finding her guilty of possession of heroin.

A police officer testified that he saw defendant and a male companion walking on Ellis Street near Fillmore, in San Francisco, at 12:15 a.m. He drove his police car into a driveway across the sidewalk behind them. The policeman called defendant's first name. Defendant turned, looked at the officer, stepped off the sidewalk and started to cross Ellis Street. "She made a motion towards her mouth with her right hand and I observed a white object leave her hand and go towards her mouth." The officer ran to defendant, stopped her, turned her around, and asked what she had thrown into her mouth. When she answered "nothing" he saw "a white object on her tongue." After a "tussle," the object fell from her mouth to the pavement, and was picked up by the officer. It was a folded paper containing heroin. The officer had no warrant. Defendant argues that the heroin, which was introduced in evidence, was the product of an illegal search and seizure.

Her contention would have merit if she had been arrested at the moment the policeman called her name, because the evidence shows, up to that time, no reasonable cause to believe that she had committed or was committing an offense. (*People* v. *Brown*, 45 Cal.2d 640 [290 P.2d 528].) It is not contended that the mere calling of her name by the officer constituted an arrest. There is no suggestion that the officer

detained, restrained or in any way hindered her. But when she then turned and saw the officers and their car, she altered her course and hastily threw into her mouth a white object the size of a bindle of heroin. This gave the officer reasonable cause to believe that a public offense was being committed in his presence. The ensuing arrest and the seizure incident thereto was valid. (*People* v. *Poole,* 174 Cal.App.2d 57 [344 P.2d 30].)

Defendant testified that she had placed the packet in her mouth before the officer called her name, thus attempting to contradict the testimony that he saw her so secrete it. But this conflict was resolved against her in the trial court.

Defendant also argues that the package of heroin introduced in evidence was not adequately identified as that which had been in her mouth. But the police officer and the state chemist testified to a detailed chain of transmission of the heroin from defendant's mouth to the state narcotics office. While as to some details this testimony was hearsay, no objection on that ground was made at trial or is asserted here. No error is shown.

Defendant complains that the trial court failed to instruct that each element of the crime charged must be proved beyond a reasonable doubt. But in the light of the adequate instructions upon the presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt, there is no error. (*People* v. *Reed,* 38 Cal.2d 423, 430 [240 P.2d 590].)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.