**James K. BASSETT, Appellant,**

v.

**A. L. DUTTON, Warden, Georgia State Prison, Appellee.**

**No. 25777.**

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1968.

Walter C. Hartridge, II, Savannah, Ga., for appellant.

Arthur K. Bolton, Atty. Gen., Mathew Robins, Marion O. Gordon, Asst. Attys. Gen., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

PER CURIAM:

Appellant was tried and convicted of murder in the state courts of Georgia in 1957. In 1967 he applied for a writ of habeas corpus in the United States District Court on the ground that he was not afforded a fair trial because of the "massive, pervasive, and prejudicial publicity attendant upon his trial." The trial court appointed counsel for appellant, who assiduously developed the evidence, and obtained the state court record for submission to the habeas corpus court. There was presented to the trial court twenty-five pages of newspaper articles published in Bibb County, the county in which appellant was tried. These articles included statements in which the accused was described as a "one-time armed robber," and in which the accused was stated to be "responsible for the murder." In the articles the sheriff was quoted as referring to appellant's prior criminal record, and they made further suggestions regarding the appellant's guilt. In one edition of the papers the names, occupations and addresses of the jurors were published.

Counsel concedes that trial counsel, at the trial of the case, did not raise the issue now sought to be raised. Counsel did not seek a change of venue, seek a continuance or avail himself of the opportunity to ask jurors questions that might reveal whether they were influenced by pretrial publicity. Moreover, it appears that the appellant did not exhaust his peremptory challenges, did not challenge individual jurors for cause or challenge the whole panel.

The trial court, apparently concluding that the United States Supreme Court's decision in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), dealt with a situation much more aggravated and much more damaging

to the case on trial than appeared here, denied the writ. Present counsel has volunteered to present the appeal before this court and appeared in person to argue before the court, and has thus amply fulfilled his obligation both to his client and to the cause of justice.

The case comes down to this: Without any proof of the influence, if any, that the articles may have had on the conduct of the trial or the deliberations of the jury, may this court conclude, from the articles themselves, that such prejudice resulted as would amount to the denial to the appellant of a fair trial. We conclude that we must answer this question in the negative in view of the findings made by the trial court.

The judgment is affirmed. The court expresses its appreciation to Walter C. Hartridge, II, Esquire, for his assistance voluntarily supplied for this appellant.