**Jessie Rivera DUARTE, Petitioner,**

v.

**H. V. FIELD, Respondent.**

**No. 68–1468.**

United States District Court
C. D. California.

March 12, 1969.

Jessie Rivera Duarte, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

HAUK, District Judge.

Petitioner is a state prisoner who was found guilty of possession of heroin, and a prior federal narcotic felony conviction was found to be true. He was sentenced to the term prescribed by law on February 10, 1966. On August 31, 1967, the judgment was affirmed on appeal (People v. Duarte, 254 Cal.App.2d 25, 61 Cal.Rptr. 690 (1967)), and a petition for hearing by the California Supreme Court was denied on October 25, 1967. The United States Supreme Court denied certiorari on March 4, 1968. (390 U.S. 971, 88 S.Ct. 1091, 19 L.Ed.2d 1181) Subsequent writs of habeas corpus in the state and federal courts were denied.

Petitioner contends:

1. that the discovery and seizure of heroin in his pocket was the result of an exploratory search made without reasonable cause for his arrest, and, thus his Fourth Amendment rights were violated; and

2. that his trial counsel was incompetent and ineffective in that he did not make a motion for dismissal of the indictment, pursuant to § 995 of the California Penal Code, on the grounds that he had been indicted without reasonable or probable cause.

After reviewing the Petition for Writ of Habeas Corpus, the published opinion of the California District Court of Appeal, *supra*, 254 Cal.App.2d 25, 61 Cal. Rptr. 690 (1967), the other petitions for writs of habeas corpus filed by petitioner, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the reasons hereinafter stated.

Petitioner's first contention, that the heroin was illegally seized, was considered by the California State Courts and was determined to be without merit. The District Court of Appeal, Second Appellate District, Division One, set forth the reasons for its conclusions in its written opinion. People v. Duarte, 254 Cal.App.2d 25, 61 Cal.Rptr. 690

(1967). This Court has reviewed and analyzed the relevant facts as set forth in the petition and in the aforementioned opinion, and finds that petitioner has not overcome the presumption that the conclusions expressed in the state court's written opinion are correct, pursuant to 28 U.S.C. § 2254(d):

"In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction * * *, evidenced by a * * * written opinion, * * * shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear * * *

(6) that the applicant did not receive a full, fair, and adequate hearing * * *; or

(7) that the applicant was otherwise denied due process of law * * *;"

From our examination of the relevant facts and proceedings in the State courts, it appears that the first contention of the petitioner was adequately litigated, that the state process gave him a fair consideration of the issues and of the evidence, and that the State courts made determinations which are supported by substantial evidence. This Court is satisfied that the particular State court decision cited was fairly rendered and that a just determination of this controversy has been reached.

Petitioner also contends that the attorney who represented him at trial was ineffective in his efforts to represent and assist the petitioner in the trial court. Specifically, he charges that the attorney failed to make a motion for dismissal pursuant to California Penal Code § 995 on the basis of the information which petitioner had given him concerning the circumstances involving the arrest.

■ This Court finds that petitioner has not sustained his burden of proving that as a matter of "demonstrable reality" his trial counsel was incompetent. The general rule is stated as follows:

"To justify relief on the ground of constitutionally inadequate representation of counsel, ' "an extreme case must be disclosed" [citations]. It must appear that counsel's lack of diligence or competence reduced the trial to a "farce or a sham." ' * * * Defendant has the burden, moreover, of establishing his allegation of inadequate representation 'not as a matter of speculation but as a demonstrable reality. * * * ' " People v. Reeves, 64 Cal.2d 766, 774, 51 Cal.Rptr. 691, 695, 415 P.2d 35, 39 (1966), cert. denied, 385 U.S. 952, 87 S.Ct. 332, 17 L.Ed.2d 229 (1966); accord, People v. Ibarra, 60 Cal.2d 460, 34 Cal.Rptr. 863, 386 P.2d 487 (1963).

■ A prisoner is entitled to have had effective representation at his trial. However, the fact that something which might have been done was not done is not sufficient to warrant overturning a conviction by means of habeas corpus. Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966) cert. denied, 385 U.S. 863, 87 S.Ct. 119, 17 L.Ed.2d 90 (1966).

■ In the instant case, the fact that petitioner's counsel did not make a motion to set aside the indictment (Cal. Penal Code § 995) did not reduce the trial to a farce or a sham. The motion, which petitioner contends should have been made, related to trial strategy or tactics, and therefore involved elements of discretion and judgment on which skilled and experienced advocates might honestly disagree. United States ex rel Robinson v. Pate, 312 F.2d 161, 162 (7th Cir. 1963), cert. denied, Robinson v. Pate, 373 U.S. 943, 83 S.Ct. 1553, 10 L.Ed.2d 698 (1963). It is reasonable to conclude that petitioner's counsel, faced with the facts before him, decided that there were no practical grounds on which to attack the introduction of the evidence or the validity of the indictment. The fact that the law permits counsel to make such motions does not mean that he must

do so in all cases. As a competent attorney, he must exercise his discretion based on the facts available to him. Petitioner has not alleged facts sufficient to indicate an abuse of that discretion.

From the preceding analysis of petitioner's contentions, it is apparent that there are no grounds or reasons of any kind set forth to support the granting of an evidentiary hearing, or to support the issuance of a writ of habeas corpus.

Therefore, it is hereby ordered that the petition for writ of habeas corpus be, and the same is, denied.