**Ira Lee KING, Petitioner,**

v.

**C. J. FITZHARRIS, Superintendent, Respondent.**

**Civ. No. 69–1670.**

United States District Court, C. D. California.

March 27, 1970.

Ira Lee King, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Alexander B. McDonald, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is incarcerated at the California Training Facility, Soledad, California. On August 17, 1967 in the Superior Court of the County of Los Angeles, Petitioner was convicted by a jury of robbery in the first degree, Calif. Penal Code § 211 (West, 1957), and kidnapping for the purpose of robbery, Calif.Penal Code § 209 (West, 1957). Petitioner's motion for a new trial was denied by the trial court, and the judgment was affirmed by the California Court of Appeal, Second Appellate District, People v. King, 269 Cal.App.2d 40, 74 Cal.Rptr. 679 (1969). A petition for hearing in the California Supreme Court was denied on March 19, 1969.

Petitioner contends that he was denied the assistance of effective counsel; that he was not advised of his constitutional rights by the police at the time of his arrest; that he was denied due process because the police were dilatory in taking him before a magistrate; that he was denied a speedy and public trial; and that he was denied the right to confront an unavailable witness because the testimony of this witness was read to the

jury from the transcript of Petitioner's preliminary hearing.

After reviewing the Petition, the Response, the arguments and authorities set forth by the parties, the opinion of the California Court of Appeal, Second Appellate District, People v. King, 269 Cal.App.2d 40, 74 Cal.Rptr. 679 (1969), and the trial transcript, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

■ Although Petitioner was represented by counsel at all stages of the proceedings, he alleges that he received inadequate representation because his attorney at the preliminary hearing did not "investigate, consult, and research" all remedies, and because his trial counsel requested several continuances of the trial and refused to make several motions for Petitioner. In addition, Petitioner alleges that his counsel on appeal was ineffective because the attorney did not present to the Appellate Court all of the errors which were committed at the trial. The transcripts of the preliminary hearing and of the trial demonstrate that Petitioner was adequately represented by counsel at all stages of the proceedings and consequently this Court finds that Petitioner has not sustained his burden of proving that "the service of counsel was of such a caliber as to amount to a farce or mockery of justice." Grove v. Wilson, 368 F.2d 414, 416 (9th Cir., 1966); Knowles v. Gladden, 378 F.2d 761 (9th Cir., 1967); and Duarte v. Field, 297 F.Supp. 41 (C.D.Calif., 1969) (Hauk, J.)

■ Petitioner next alleges that he was not advised of his constitutional rights at the time of his arrest. One of the arresting police officers testified at the trial that soon after Petitioner was apprehended, Petitioner was advised of his rights. (Trial Transcript p. 108). The trial judge, however, sustained Petitioner's objections to the admission of any statements made by him to the arresting officers because the trial court was not convinced that the State had satisfied its burden of proof to show that Petitioner had voluntarily and intelligently waived his constitutional rights. (Trial Transcript p. 162). Assuming that Petitioner was interrogated by the police when he wanted to remain silent and that he was interrogated while suffering from serious wounds inflicted prior to his arrest, Petitioner still is not entitled to habeas corpus relief because no incriminating statements of Petitioner were admitted in evidence at the trial and because "Misconduct by the police, however reprehensible, is not a ground for federal habeas corpus if it does not contribute to a conviction." Miller v. Eklund, 364 F.2d 976, 978 (9th Cir., 1966).

■ Petitioner's third allegation that he was not taken before a magistrate until some 24 days after his arrest does not demonstrate that he was denied a Federal right. At the time of Petitioner's arrest on December 20, 1966, Calif. Penal Code § 849 (West, 1957), required a peace officer making an arrest without a warrant to take the arrested person to the "nearest or most accessible magistrate" without unnecessary delay. In this case, the delay was traceable to hospitalization and treatment necessary for the serious wounds that Petitioner had sustained prior to his arrest. Regardless of the reason for the delay, the appearance before a magistrate is governed by State law and a "preliminary hearing before a magistrate is not a federal constitutional right which, if denied, requires a petitioner's release on habeas corpus." Pappillion v. Beto, 257 F.Supp. 502, 503 (S.D.Texas 1966); Graves v. Eyman, 373 F.2d 324 (9th Cir., 1967), cert. denied 389 U.S. 871, 88 S.Ct. 153, 19 L.Ed.2d 150 (1967); and Madison v. Tahash, 249 F.Supp. 600 (D.Minn., 1966). In addition, Petitioner does not allege or show that he was prejudiced by the delay, and hence it is clear that he was not denied due process of law.

■■ Petitioner next contends that he was denied a speedy and public trial

because the preliminary hearing was conducted in the Prison Ward of Los Angeles County General Hospital. In his Petition at p. 8, Petitioner states that he was in a "traction bed" and had to be wheeled into the room where the preliminary hearing was held. It is clear from Petitioner's description of his condition that the preliminary hearing had to be conducted in the hospital. Assuming that the public trial requirement of the Sixth Amendment applies to state preliminary hearings, Petitioner was not denied his right to a public hearing in this case because the defendant's physical condition required the hearing to be conducted in the hospital, and Petitioner was represented by counsel during the proceedings. In addition, the long delay between Petitioner's arrest on December 20, 1966 and his conviction by the jury on August 17, 1967 was not caused by the prosecution, but instead resulted from continuances requested by Petitioner in order to give him time to recover from the serious wounds inflicted prior to the arrest and to give him time to obtain necessary witnesses.

As his last contention, Petitioner alleges that he was denied the right of confrontation because the testimony of an unavailable witness was read during the trial from the transcript of the preliminary hearing. The witness was unavailable because he was suffering from cerebral thrombosis, and the witness's doctor felt that it would be detrimental to his health for him to testify at the trial. At the preliminary hearing, the witness had been confronted by Petitioner and thoroughly cross-examined by Petitioner's counsel. Since the witness was confronted and cross-examined at the preliminary hearing, and the witness was unable to appear at the trial, this Court finds that Petitioner was not denied his Sixth and Fourteenth Amendment rights "to confront the witnesses against him." Smith v. Ill., 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). *See also,* Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

For the foregoing reasons, and it clearly appearing that an evidentiary hearing is not required, this Court finds that Petitioner is not entitled to any relief.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.