Danny Ray CAPES, # 74563, Petitioner,

v.

STATE OF OKLAHOMA et al., Richard
Crisp, Warden, Respondent.

No. Civ. 75–0453–D.

United States District Court,
W. D. Oklahoma.

Aug. 30, 1975.

Danny Ray Capes, pro se.

Kay Karen Kennedy, Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for a writ of habeas corpus by a state prisoner who claims that his detention by virtue of the judgment and sentence of the Superior Court of Comanche County, State of Oklahoma in case No. 4651 is unlawful on the following grounds:

1. A constitutionally invalid confession was obtained from the petitioner;

2. A death certificate was received in evidence in violation of petitioner's sixth amendment rights of confrontation and cross-examination;

3. The petitioner was denied a fair trial because of prejudicial pretrial publicity;

4. The trial court had no jurisdiction to hear petitioner's case because sufficient legally admissible evidence was not introduced at petitioner's preliminary hearing to establish that a crime had been committed or that petitioner committed it.

The court has examined the Casemade of the proceedings in said case submitted by the State in support of its Response. It appears therefrom that the petitioner was charged with the murder on February 23, 1966, of Mike McCloskey. The petitioner was arrested on the day the incident occurred and thereafter gave a statement to the authorities. A lengthy preliminary hearing was conducted on March 30 and 31, 1966, in which 11 witnesses testified for the State and 8 witnesses testified for the defense. The petitioner's statement was considered by the examining magistrate in binding the petitioner over for trial. The petitioner then filed a Motion to Suppress his statement and a Motion to Quash the Information on the ground of insufficiency of the evidence at the preliminary hearing. After the hearing the court on June 6, 1966, sustained the Motion to Suppress but overruled the Motion to Quash. The petitioner also filed a Motion for Change of Venue on the ground that he could not get a fair trial in Comanche County because of prejudicial

publicity. Attached to his Motion were three newspaper articles which were dated February 23, 24, 25, 1966 and two others bearing dates of June 8 and June 9, 1966. The February articles concerned the events at the time of the commission of the offense, the petitioner's arrest and his statement to police officers. The June articles reported the court's rulings on the Motion to Suppress and Motion to Quash. Immediately preceding trial on September 19, 1966, the court held a hearing on the Motion for Change of Venue. The defense presented the testimony of three witnesses to establish the fact that there were radio and television reports similar to the newspaper articles. None of the defense witnesses testified that the petitioner would be unable to get a fair trial in Comanche County. In opposition to the Motion the State presented the testimony of five witnesses, all of whom testified that they believed that the petitioner could get a fair trial. At the conclusion of the hearing the court denied the Motion and the trial commenced. The petitioner was represented by two privately retained attorneys. There was no real dispute at the trial that petitioner killed the victim, a service station attendant. The theory of the prosecution was that petitioner had gone to this certain service station ior the purpose of robbing the attendant and during the robbery with a shotgun shot and killed the attendant. The petitioner who took the stand denied that he was in the process of robbing the station operator but contended that the shotgun went off accidentally while he was trying to hand the weapon to the attendant to keep until the next morning to cover the cost of gasoline put in his vehicle. The petitioner's statement was not used at trial but the State succeeded in introducing in evidence over petitioner's objection a death certificate listing the cause of death as a gunshot wound of the chest. At the end of the three day trial the jury found petitioner guilty of First Degree Manslaughter and assessed his punishment at 60 years imprisonment.

The petitioner perfected an appeal in the Oklahoma Court of Criminal Appeals seeking a reversal of his conviction on the same grounds that he now presents to this court. The Court of Criminal Appeals, however, affirmed the judgment and sentence of the trial court on February 12, 1969. *Capes v. State,* Okl.Cr.App., 450 P.2d 842. Although apparently there has been no further proceedings under the Oklahoma Post Conviction Procedures Act we conclude that petitioner has exhausted his state remedies since the issues involve only matters of law and there are no facts to be developed. See *Sandoval v. Rodriguez,* 461 F.2d 1097 (CA10 1972).

It is the established rule that illegal arrest or detention does not void a subsequent conviction. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Therefore the petitioner's allegations that upon his arrest he was denied his constitutional rights to be informed of the charges against him, of his right to remain silent, of his right to have counsel, and of his right to see his father, are insufficient to entitle him to relief. An illegal arrest, without more, will not sustain a collateral attack on a judgment and conviction. *Runge v. United States,* 427 F.2d 122 (CA10 1970). The trial court quite properly suppressed the statement taken from petitioner and it was not used at trial. There is no claim that his conviction in any way was the result of the invalid confession. When the state trial court has refused to admit into evidence the incriminating statements of the habeas petitioner he is not entitled to habeas relief because officers may have violated his constitutional rights in obtaining the statements. *King v. Fitzharris,* 311 F.Supp. 400 (C.D.Cal.1970). Misconduct by law enforcement officers is not a ground for federal habeas corpus if it does not contribute to the conviction. *Miller v. Eklund,* 364 F.2d 976 (CA9 1966).

The Oklahoma Court of Criminal Appeals ruled that the death certificate was

hearsay and should not have been admitted in evidence, but nevertheless concluded that the error was harmless. The State now suggests the petitioner's allegations do not raise any federal constitutional questions. We do not agree. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) establishes that the Sixth Amendment right of confrontation applies to the States by virtue of the Fourteenth Amendment. Conceding that the death certificate was hearsay which should not have been admitted, *Austin v. United States,* 208 F.2d 420 (CA5 1953), merely because the evidence was admitted in violation of the hearsay rule does not lead to the automatic conclusion that confrontation rights had been denied. Evidence may violate the hearsay rule without violating the Confrontation Clause. *United States v. Ariaz-Diaz,* 497 F.2d 165 (CA5 1974). The Confrontation Clause does not simply trace the contours of the evidentiary hearsay rule. *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Assuming, however, a violation of the Confrontation Clause, it does not necessarily follow that the petitioner's ensuing criminal conviction must be set aside. The court pointed out in *Bruton v. United States,* 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476, 484 (1968), that "a defendant is entitled to a fair trial but not a perfect one." The state court's conclusion that the error was harmless is not, however, controlling. The treatment of constitutional errors is governed by federal law and not state law. *Chapman v. California,* 368 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). No denial of a federal constitutional right can ever be considered harmless unless the court declares a belief that it was harmless beyond a reasonable doubt. *Chapman v. California,* ibid; *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).

 In this case the properly admitted evidence of guilt is overwhelming and the prejudicial effect of the challenged death certificate is insignificant by comparison. Unless there is reasonable possibility that the improperly admitted evidence contributed to the conviction reversal is not required. *Schneble v. Florida,* ibid. This must be determined by this court reviewing the record and considering the probable impact "on the minds of an average jury." *Harrington v. United States,* supra 395 U.S. at 254, 89 S.Ct. at 1728, 23 L.Ed.2d at 288. Applying this test, it does not appear that the State's case would have been significantly less persuasive if such death certificate had been excluded. The reasoning of the Oklahoma Court of Criminal Appeals in this respect is convincing:

"[U]nder the facts of this case there was other independent evidence and testimony offered by the State to sufficiently prove the death, and the cause therefor. In his own testimony defendant said that the gun fired while he was attempting to give it to the deceased. Edwin Porter testified that he saw the attendant's body lying in the service station driveway, immediately before he drove away when defendant fired a shot at his pickup truck. Lt. John Pruitt, of the Lawton Police, testified that he examined the deceased's body, and that in his opinion the man was dead. Mr. Dan Glascock, the mortician who prepared the body for burial, testified concerning the wound inflicted on the deceased, and identified the clothing which contained the hole caused by the shotgun blast. Consequently, the introduction of the death certificate was merely cumulative evidence to prove the death." *Capes v. State,* supra at 845.

 The petitioner's allegations concerning prejudicial pretrial publicity were resolved in an evidentiary hearing by the trial court prior to trial. The hearing afforded by the trial judge satisfies fully the requirements of 28 U.S.C.A. § 2254 and his actions are presumed to be correct. The petitioner does not claim that this hearing

did not meet the rule of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) or challenge it on any of the grounds set forth in 28 U.S.C.A. § 2254(d) and (e). Accordingly, an evidentiary hearing is not required on this issue. The duty of this court is to examine the complete record of the state court proceedings and make an independent determination of whether there is factual and legal support for the state court adjudication. *Maxwell v. Turner,* 411 F.2d 805 (CA10 1969). No one testified that the petitioner could not get a fair trial. The last news story was published over three months prior to trial. The material disseminated by the Lawton news media established at the evidentiary hearing does not constitute the sort of massive publicity which might poison the minds of the whole community. In *Torrance v. Salzinger,* 297 F.2d 902, 903 (CA3 1962) the court stated:

> "It does not appear that derogatory or hostile and inflammatory statements about the petitioner were circulated during or shortly before the trial in or near the community where the jurors lived. Yet, it is only on a convincing showing that the accused has been tried while the public mind was poisoned against him by current and pervasive derogatory publicity that convictions have been set aside on such claims as petitioner asserts here."

Without any proof of the influence, if any, that the news stories established at the evidentiary hearing may have had on the conduct of the trial or the deliberations of the jury, this court cannot conclude from the reports themselves that there was such prejudice resulting that would amount to a denial to the petitioner of a fair trial. *Bassett v. Dutton,* 402 F.2d 263 (CA5 1968). As stated in *Latham v. Crouse,* 330 F.2d 865, 868 (CA10 1964):

> "Prejudice must be established 'not as a matter of speculation but as a demonstrable reality.'"

The petitioner makes no new contentions in this court that any such news stories concerning the events were read or otherwise known by any of his jurors. He does not allege the existence of actual or individual bias or prejudice on the part of any juror because of any such alleged publicity. He does not allege that any jurors were challenged for this reason. His contentions are limited to those presented to the Oklahoma courts and after an independent review of the proceedings in those courts this court is satisfied that the record does afford the necessary factual and legal basis to support their disposition of petitioner's claim.

Petitioner's final claim is essentially a challenge to the sufficiency of the evidence at his preliminary hearing. Without the confession he maintains probable cause was not established. His allegations are not of any constitutional significance. The sufficiency of the evidence to support a state conviction raises no federal constitutional question. *Sinclair v. Turner,* 447 F.2d 1158 (CA10 1971). A fortiori the sufficiency of the evidence to establish probable cause in a preliminary hearing cannot be considered in a federal habeas proceeding by a state prisoner.

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.