## THE PEOPLE *v.* COLMERE.

WHERE one charged with crime has been arrested and held to answer for the offense before the impanneling of the grand jury by which an indictment is found against him, he cannot move to set aside the indictment on the ground that the grand jurors who found the same had formed and expressed an opinion that he was guilty of the offense charged, prior to their being impanneled.

*Quere?*   Does that provision of the Criminal Practice Act which provides, that the trial jury shall "at each adjournment of the Court" be admonished by the Court, that it is their duty not to converse among themselves, or with any one else, on any subject connected with the trial, or to form or express any opinion thereon until the case is finally submitted to them, apply to a temporary recess?

If, during the trial of a criminal action, the Court, before an adjournment, neglect to charge the jury, as required by Sec. 394 of the Criminal Practice Act, the judgment for that reason will not be reversed, unless it is shown, that the defendant sustained some injury thereby, by the jurors conversing among themselves or with others on subjects connected with the trial, or by forming or expressing an opinion thereon, during the adjournment.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Alexander Campbell* and *S. H. Dwinelle,* for Appellant.

[No brief on file.]

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

The defendant was indicted for the crime of murder, and was convicted of murder in the first degree.   After the indictment was found, and when he was called upon to plead to it, he moved to set it aside on the alleged ground that the grand jurors, who found the indictment, had formed and expressed an opinion that he was guilty of the offense charged, prior to their being impanneled ; and that prior to the finding of the indictment he had not been held to answer for the offense.   He offered witnesses to prove the alleged bias of the grand jurors, but the prosecution interposed proof of the fact that he had been held to answer to the charge before the impanneling of the grand jury, and objected to all evidence upon the subject.   This objection was sustained by the Court below, and the evidence offered by the defendant was accordingly excluded, and this is now assigned as error.

The record shows, that he was duly held to answer to the crime charged in the indictment on the tenth day of April, 1862 ; that the grand jury who found the indictment were impanneled on the twenty-ninth day of April, and the indictment was found on the thirtieth day of May, 1862.   The case, therefore, comes clearly within the one hundred and eighty-ninth section of the Criminal Practice Act, which is as follows : "A person held to answer to a charge for a public offense can take advantage of any objection to the panel, or to an individual grand juror, in no other mode than that by challenge, as prescribed in the preceding section."   The preceding sections provide specifically the mode, manner, and causes of such challenges to the panel and to individual jurors.   It was the duty of the defendant to exercise this right of challenge in the mode and manner prescribed by the Criminal Practice Act, and having failed to do so, he could not, under the provisions of Sec. 189, claim the right to interpose objections which would have been a proper ground of challenge at any other time or in any other mode.   The objections raised in the present case are included within the grounds of challenge specified in the act.   It follows, that there was no error in this action of the Court.   (*People* v. *Beattie,* 15 Cal. 571 ; *People* v. *Arnold,* Id. 479.)

It appears that on the third day of the trial, after several adjournments had been had, at which the jury had been duly admonished

of their duty, as required by Sec. 394 of the Criminal Practice Act, the Court took a short recess about the middle of the day, and the jury commenced retiring without the usual charge. Nine were, however, called back immediately, and were duly admonished—but the other three were not present thereat, and the defendant excepted to the charging of a portion of the jurors in the absence of the others. This action of the Court is also assigned as error. Sec. 394 provides, that the jury shall, " at each *adjournment* of the Court," be admonished by the Court, that it is their duty not to converse among themselves, or with any one else, on any subject connected with the trial, or to form or express any opinion thereon, until the case is finally submitted to them. It is doubtful whether this applies to a mere temporary recess, where there is no actual adjournment of the Court. No attempt was made to show that any injury to the defendant resulted from this action of the Court, and we think it clearly comes within the rule laid down by this Court, in cases of a similar character, that they form no just ground for ordering a new trial. (*People* v. *Boggs,* 20 Cal. 432; *People* v. *Symonds,* 22 Id. 348.) This objection is, therefore, overruled. After a careful examination of the whole case we find no irregularity or error which will justify this Court in granting a new trial.

The judgment is, therefore, affirmed, and the Court below is directed to fix a time for carrying the judgment into execution.