El Pueblo de Puerto Rico, demandante y apelado, *v.* Marcos Goitía y Salvador Carrasquillo, acusados y apelantes.

No. 4054.—*Sometido:* Junio 6, 1930.  *Resuelto:* Marzo 13, 1931.

*J. Valldejuli Rodríguez,* abogado de los apelantes; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En este caso un jurado en San Juan declaró a los acusados culpables de incendio malicioso. En la apelación de una sentencia condenatoria, los acusados alegan la comisión de varios errores.

■ La corte se declaró en receso varias veces. A tenor de los artículos 260 y 261 del Código de Enjuiciamiento Criminal, en el primer receso la corte dió a los señores jurados instrucciones cuidadosas respecto a la conducta que deberían observar todos cada vez que abandonaran la sala de la corte. Posteriormente, la corte dijo, cada vez que declaró un receso: "Se hace al jurado la advertencia de ley." Ante un jurado de inteligencia ordinaria, la corte no estaba obligada a repetir, palabra por palabra, sus instrucciones anteriores, sino que bastaba llamar la atención del jurado hacia su advertencia general anterior. No hallamos ni error ni perjuicio.

■ La corte ordenó que se tomara juramento al márshal, y es de presumirse que, de ser necesario, lo prestó. Esto resuelve el primer señalamiento de error.

■ Bajo el artículo 258 del Código de Enjuiciamiento Criminal, la corte tiene discreción respecto al momento en que podrá ordenar una inspección ocular. En este caso aparece que la corte lo hizo así al notar que el jurado no llegaba a un acuerdo. Cuando efectivamente se ordenó la inspección, estaban presentes el acusado y su abogado, y no formularon objeción a los funcionarios designados para acompañar al jurado. La ausencia del juez mismo o de cualquiera de los funcionarios de la corte fuera de los marshals o de cualesquier otros funcionarios designados, no constituyó error. No hallamos error alguno.

■ El tercer señalamiento se refiere a la apreciación de la prueba. Como es usual en casos de esta índole, la evidencia fué en gran parte circunstancial. Un bombero y otros testigos encontraron el local impregnado de gasolina, y se vió a ambos acusados con bastante frecuencia merodeando por el lugar del siniestro, conduciendo allí materiales inflamables antes del incendio. Uno de los principales argumentos de los apelantes es que el acusado Goitía no tenía interés alguno en quemar la propiedad, toda vez que ya no era el dueño, habiéndose desprendido de ella. La prueba tendió a demostrar que Goitía aceptó una hipoteca sobre la casa vendida y que sus cobros en relación con la misma eran poco satisfactorios, de no haber una falta de pago. La finca estaba asegurada. Sin embargo, echando a un lado el móvil, o aun si el mismo no hubiera existido, el jurado tenía derecho a llegar a la conclusión, a causa de los actos de los dos acusados al llevar objetos a la casa, de que ambos eran culpables del incendio imputádoles. Los apelantes no nos convencen de que faltara eslabón alguno en la cadena de la prueba circunstancial.

■ El cuarto señalamiento de error se refiere a la negativa de la corte a conceder un nuevo juicio. La moción se presentó antes de dictarse sentencia. No se apeló separadamente de la providencia declarando sin lugar la moción. El fiscal dice que no le ha sido posible hallar que se anotara excepción de la resolución de la corte denegando esa solicitud. Los apelantes sostienen que cuando los jurados fueron a Río Piedras se dispersaron e individualmente examinaron el edificio, y que allí había otras personas. Evidentemente, los apelantes no convencieron a la corte de que en forma alguna se disolviera el jurado o de que otras personas hablaran con sus miembros en forma perjudicial, o en manera alguna. En ausencia de prueba más robusta, debe presumirse que los funcionarios a cargo del jurado cumplieron con su deber y

lo mantuvieron bajo su vigilancia, sin que ocurriera nada perjudicial para los acusados.

*Debe confirmarse la sentencia recurrida.*