[Crim. No. 18018. Second Dist., Div. Two. Mar. 5, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
PERCY MOORE, Defendant and Appellant.

■■■■■■■■■■■■■■

**COUNSEL**

Frank G. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, and Geoffrey S. Cantrell, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**FLEMING, J.**—Appeal from a judgment of conviction for second degree murder and grand theft. The facts and appellant's arguments, except the one discussed below, are covered in an appendix which we have certified for nonpublication.

■ Appellant's remaining argument is that the trial court committed prejudicial error by failing to admonish the jury at a time of a 10-minute mid-morning recess not to discuss the case or form any opinion on it. This argument is based on the provisions of Penal Code section 1122: "The jury must also, at each *adjournment* of the court, whether permitted to separate or kept in charge of officers, be admonished by the court that it is their duty not to converse among themselves or with anyone else on any subject connected with the trial, or to form or express any opinion thereon until the cause is finally submitted to them." (Italics added.) Appellant in effect argues that at each break in the proceedings, no matter how abbreviated or for what cause, the admonition must be given.

We do not agree. Rather we construe the word *adjournment* in the section to mean a continuance of the proceedings to another day. Any break in the proceedings for a lesser period than a day is properly termed a recess; it does not amount to an adjournment within the meaning of the section and does not require the admonition of the jury in the manner specified in section 1122.

■ The word *adjournment* traces back through Medieval English to Old French for day (journee), to Late Latin adiurnare [ad (to) + diurnus (daily)], to Latin for day (dies). The idea of day remains paramount throughout these various antecedents, and we find it made explicit in a maxim of the Justinian Code, which declares that "an adjournment is to appoint a day or give a day." (4 Inst. 27, quoted in Black's Law Dictionary (4th ed.) p. 62.) Thus to adjourn is to continue proceedings to another

■■■■■■■■

day or to continue them without specification of the day (sine die). Webster's New International Dictionary, second edition, defines *adjourn* as: "To put off or defer to another day or place, or indefinitely; to postpone; to close or suspend for the day." Clearly, the term *adjournment* connotes a substantial break in the proceedings. In contrast is the term *recess,* which is generally used to describe a suspension of proceedings for a period of time less than a day. Black's Law Dictionary defines *recess* as "a short interval or period of time during which the court suspends business, but without adjourning." We construe section 1122 as having no application to a recess , i.e. a temporary suspension of proceedings for a period less than a day. (*People* v. *Colmere,* 23 Cal. 631; *People* v. *Burwell,* 44 Cal.2d 16, 33 [279 P.2d 744].) Since at bench the court did not continue the proceedings to another day, the temporary break in the proceedings amounted to no more than a recess, and the statutory admonition was not required.[1]

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

---

[1]We note that even in the case of a true adjournment failure to give the admonition would not require reversal unless the defendant directed the court's attention to the omission at the time of adjournment or was able to show that prejudice resulted from the omission. (*People* v. *Fairchild,* 254 Cal.App.2d 831, 839 [62 Cal.Rptr. 535], cert. den. 391 U.S. 955 [20 L.Ed.2d 870, 88 S.Ct. 1861].)