EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* ROBERTO GONZÁLEZ OLIVERO, acusado y apelante.

*Número:* CR-71-132          *Resuelto:* 19 de mayo de 1972

*M. Martínez Umpierre,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue declarado culpable del delito de perjurio definido en el Art. 117 del Código Penal, 33 L.P.R.A. sec. 421.([1]) Fue sentenciado a cumplir una pena de 1 a 3 años de presidio, sentencia que le fue suspendida bajo ciertas condiciones.

---

([1]) El texto de la acusación es el siguiente:

"Porque el referido acusado ROBERTO GONZÁLEZ OLIVERO, allá para el día 3 de diciembre de 1968, y en Arecibo, Puerto Rico, que forma parte del Tribunal Superior de Puerto Rico, Sala de Arecibo, Puerto Rico, en el caso Criminal de El Pueblo de Puerto Rico contra Diego Polanco Cortés, por Infracción al Artículo 29 de la Ley de Narcóticos (Tres Counts), Criminal Número 68–319, 320 y 321, y durante el acto del juicio que se ventiló en la fecha antes mencionada ante el Tribunal Superior de Puerto Rico, Sala de Arecibo, presidida por el Honorable Juez Superior Herminio Miranda, Jr., con jurisdicción y competencia dicho Tribunal para resolver y determinar sobre la culpabilidad o inocencia del mencionado acusado Diego Polanco Cortés, de una manera ilegal, voluntaria, maliciosa y criminalmente, declarando como testigo de la defensa del acusado, luego de haber prestado

Como único error alega el apelante que el juez sentenciador se negó a disolver el jurado. Resulta que uno de los jurados, Sr. Ángel Ortiz Ortiz, había presenciado (aparentemente como espectador) un juicio anterior en el cual había testificado el aquí acusado en forma perjura, según se alega en la acusación de este caso. El Sr. Ortiz Ortiz hizo saber este hecho al tribunal, por medio del márshal, cuando aún no había comenzado el juicio. Se hizo venir a testificar al Sr. Ortiz sobre

juramento legalmente en corte abierta y ante la Sub-secretaria de este Honorable Tribunal, señora Dámaris Román, funcionaria autorizada por ley para tomar juramentos a los testigos en el Tribunal Superior de Puerto Rico, Sala de Arecibo, y habiendo jurado dicho acusado Roberto González Olivero, declarar la verdad y nada más que la verdad de lo que se le preguntara como testigo de defensa, allí y entonces, en la forma y manera antes descrita, declarando en la silla testifical como testigo de defensa, declaró bajo juramento como un hecho cierto y verídico, el hecho de que el acusado Diego Polanco Cortés, había trabajado en labores de pico y pala durante las horas del día 26 de abril de 1968, bajo su supervisión y dirección como empleado de la Autoridad de Fuentes Fluviales de Puerto Rico, en Barceloneta, el turno de siete a doce del día y de una a cuatro de la tarde, declarando así mismo que el acusado mencionado no trabajaba como Guardián o Celador durante las horas de la noche en el turno de cuatro a doce de la noche el día 26 de abril de 1968, siendo falso lo así jurado por dicho acusado en la silla testifical en el caso a que nos hemos estado refiriendo, todo ello con la intención criminal y fraudulenta y a sabiendas que lo que allí declaraba en el sentido expresado era completamente falso, con el propósito de influir ilegal e indebidamente en el ánimo del Tribunal que presidía el proceso, para favorecer al acusado Diego Polanco Cortés y constándole a dicho acusado que los hechos por los cuales declaraba eran falsos y a la vez eran hechos de carácter esencial y material para que el Tribunal Superior de Arecibo pudiera resolver a base de su testimonio falso en beneficio del acusado y en perjuicio de la justicia sobre hechos esenciales para la vista del caso, tratando de sostener falsa y fraudulentamente mediante su testimonio falso una defensa de coartada, ya que la prueba de El Pueblo de Puerto Rico en el caso contra Diego Polanco Cortés, por Infracción a la Ley de Narcóticos, tendía a probar y demostrar que dicho acusado Polanco Cortés realizó una venta y transacción de la droga narcótica conocida por Heroína el 26 de abril de 1968, a la 1:45 de la tarde, al Agente Encubierto José E. Mojica Otero, por la cantidad de $10.00 y como consecuencia del testimonio falso bajo juramento prestado por el acusado en este caso, Roberto González Olivero, el Tribunal Superior de Puerto Rico, Sala de Arecibo, por voz del Honorable Juez Superior Herminio Miranda, Jr., absolvió y exoneró de toda responsabilidad criminal al mencionado acusado Diego Polanco Cortés."

su presencia en el caso anterior y sobre su capacidad para juzgar imparcialmente al acusado. Interrogado por el juez y la defensa, ésta pidió que se disolviera el panel. El juez declaró sin lugar la moción y prosiguió el juicio.

Dentro de los hechos particulares de este caso no erró el juez al negarse a disolver el jurado. En primer lugar, el conocimiento personal de algunos hechos controvertidos en la causa, cosa que puede ser muy dañina para la justicia en muchos casos, no implica la descualificación automática del miembro del jurado, sino que meramente requiere que el asunto se haga saber en el juicio y que se interrogue al jurado para que el juez determine si podrá actuar imparcialmente. Regla 133 de Procedimiento Criminal. Con todo ello se cumplió en este caso y no encontramos razón para intervenir con la discreción ejercitada por el juez. Cf. *Piñero Agosto* v. *Tribunal Superior*, 94 D.P.R. 204 (1967). En segundo lugar, la defensa pudo haber tratado de evitar el perjuicio que temía con remedios menos drásticos que la disolución del jurado, como lo serían la recusación motivada bajo la Regla 118 de Procedimiento Criminal; véase *Pueblo* v. *Morales*, 66 D.P.R. 10, 15 (1946); *Pueblo* v. *Torres*, 48 D.P.R. 39, 46 (1935); o la sustitución del Sr. Ortiz Ortiz por un suplente bajo la Regla 127 de Procedimiento Criminal. Finalmente, el acusado no demostró el perjuicio que le causó el supuesto error.

*Se confirmará la sentencia apelada.*

El Juez Presidente, Señor Negrón Fernández, así como el Juez Asociado, Señor Hernández Matos, no intervinieron.